UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 1 9 2010
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:10-00138 |
| v. | ) | |
| | ) | 18 U.S.C. § 1343 |
| DARIN LEE MCALLISTER | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 152 |

## INDICTMENT

COUNTS ONE THROUGH FIFTEEN

THE GRAND JURY CHARGES:

A. THE SCHEME

Beginning on or about May 26, 2006, and continuing until on or about July 27, 2006, in the Middle District of Tennessee and elsewhere, the defendant, **DARIN LEE MCALLISTER**, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and with reckless disregard for the truth of such pretenses, representations and promises, the substance of the scheme to defraud being as follows:

1. It was a part of the scheme to defraud that the defendant would and did purchase real estate properties located in Tennessee and obtain financing from Suntrust Mortgage, Inc.

2. It was further a part of the scheme to defraud that the defendant would and did falsely represent that he was the President of DOJ Productions.

3. It was further a part of the scheme to defraud that the defendant would and did falsely represent that he had an annual income of approximately $500,000.

## B. THE EXECUTION

On or about the dates listed below, in the Middle District of Tennessee and elsewhere, the defendant, **DARIN L. MCALLISTER**, for the purpose of executing the aforesaid scheme and artifice to defraud described in Part A above and attempting to do so, did knowingly transmit and cause to be transmitted, from Atlanta, Georgia, to an escrow account located in Brentwood, Tennessee, by means of wire communication in interstate commerce, certain writings, signs, signals and sounds:

| Count | Date | Amount of funds wire transferrd |
|---|---|---|
| 1 | May 26, 2006 | $87,985.14 |
| 2 | May 26, 2006 | $87,979.81 |
| 3 | May 26, 2006 | $22,349.18 |
| 4 | May 31, 2006 | $30,458.47 |
| 5 | May 31, 2006 | $119,953.49 |
| 6 | May 31, 2006 | $119,953.49 |
| 7 | May 31, 2006 | $30,458.47 |
| 8 | May 31, 2006 | $30,441.94 |
| 9 | May 31, 2006 | $119,953.49 |
| 10 | May 31, 2006 | $30,458.47 |
| 11 | May 31, 2006 | $119,953.49 |
| 12 | July 27, 2006 | $123,102.54 |
| 13 | July 27, 2006 | $123,117.54 |
| 14 | July 27, 2006 | $123,117.54 |
| 15 | July 27, 2006 | $123,117.54 |

In violation of Title 18 United States Code, Section 1343.

2

Case 3:10-cr-00138   Document 1   Filed 05/19/10   Page 2 of 5 PageID #: 2

## COUNT SIXTEEN

### A. THE SCHEME

THE GRAND JURY FURTHER CHARGES:

On or about July 20, 2006, in the Middle District of Tennessee and elsewhere, the defendant, **DARIN LEE MCALLISTER**, did knowingly devise and intend to devise a scheme and artifice to defraud SunTrust Bank, a financial institution as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, and property owned by and under the custody and control of the aforesaid financial institution, by means of false and fraudulent pretenses, representations, and promises, and with reckless disregard for the truth of such pretenses, representations and promises, such scheme to defraud being in substance as follows:

1. It was a part of the scheme to defraud that the defendant would and did falsely represent that he was the president of Judah Music and had an annual salary of approximately $500,000.

2. It was further a part of the scheme to defraud that on or about July 20, 2006, the defendant would and did apply for a $100,000 line of credit.

### B. THE EXECUTION

On or about July 20, 2006, in the Middle District of Tennessee and elsewhere, the defendant, **DARIN LEE MCALLISTER**, executed and attempted to execute the scheme and artifice set forth above by applying for a $100,000 line of credit.

In violation of Title 18, United States Code, Section 1344.

3

## COUNTS SEVENTEEN THROUGH NINETEEN

THE GRAND JURY FURTHER CHARGES:

On or about July 13, 2009, in the Middle District of Tennessee, **DARIN LEE MCALLISTER**, in or in relation to a Title 11 case, to wit, a case captioned as "In Re Darin Lee McAllister, Debtor," Case Number 09-07728 in the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division, under penalty of perjury, did knowingly and fraudulently make a false declaration, certificate, verification, and statement of a material fact in the Statement of Financial Affairs, as set forth below:

| Count | False Statement |
| --- | --- |
| 17 | Falsely stated that he had no income "other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this [bankruptcy] case;" |
| 18 | Falsely stated that he had no property "repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this [bankruptcy] case;" |
| 19 | Falsely stated that he had made no "other transfers" of property "within two years immediately preceding the commencement of this [bankruptcy] case;" |

when, as the defendant well knew and believed, such statements were false, in that he had received rental income, he had properties repossessed and foreclosed upon, and he had other transfers of property.

In violation of Title 18, United States Code, Section 152(3).

A TRUE BILL

███████████████████

FOREPERSON

*James R. Dedrick* *by permission* *Gary S. Humble*
JAMES R. DEDRICK
United States Attorney

*Gary S. Humble*
GARY S. HUMBLE
Assistant U.S. Attorney

5